IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| PARK HOSPITALITY LLC, a Delaware limited liability company, | CASE NO. 0:18-cv-01205-DSD-BRT |
| Plaintiff, | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR ENTRY OF DEFAULT JUDGMENT AND AWARD OF ATTORNEYS' FEES AND COSTS AGAINST DEFENDANT SARBJIT S. DOSANJH** |
| vs. | |
| BRADY HOTEL, INC., an Iowa corporation; and SARBJIT S. DOSANJH, a British Columbia resident, | |
| Defendants. | |

This matter is before the court upon plaintiff Park Hospitality LLC's ("Park") motion for entry of default judgment and attorneys' fees and costs pursuant to Rule 55 of the Federal Rules of Civil Procedure. The court, having carefully reviewed Park's motion and the files, pleadings, and proceedings herein, makes the following FINDINGS OF FACT and CONCLUSIONS OF LAW.

## FINDINGS OF FACT

**A. The Parties**

1. Park is a limited liability company organized under Delaware law with its principal place of business located at 701 Carlson Parkway, Minnetonka, Minnesota.

2. Park is the franchisor of the Park Inn® by Radisson System hotels ("System Hotels").

3. The members of Park are Park Worldwide LLC and Park Global Holdings, Inc., both of which have their principal place of business located at 701 Carlson Parkway,

Minnetonka, Minnesota. Park Worldwide, LLC is a limited liability company organized under Minnesota law and Park Global Holdings, Inc. is a Delaware corporation. Both Park Worldwide LLC and Park Global Holdings, Inc. are wholly owned by Radisson Hospitality, Inc. (formerly known as Carlson Hotels, Inc. and formerly known as Carlson Hotels Worldwide, Inc.), which is a Minnesota corporation with its principal place of business located at 701 Carlson Parkway, Minnetonka, Minnesota.

4. Defendant Brady Hotel, Inc. ("BHI") is a corporation organized under Iowa law with its principal place of business located at 5202 Brady Street, Davenport, Iowa.

5. On November 21, 2017, BHI filed articles of dissolution with the Iowa Secretary of State.

6. Dosanjh is a resident and citizen of British Columbia, Canada.

**B.    The License Agreement and Personal Guaranty**

7. On October 19, 2016, Park and BHI entered into a License Agreement ("License Agreement") granting BHI a non-exclusive license to renovate and operate a Park Inn® System Hotel to be located at 5202 Brady Street, Davenport, Iowa 52806 (the "Hotel") for a period of 20 years.

8. At or about the same time, Dosanjh entered into a Personal Guaranty ("Personal Guaranty") in which he personally guaranteed to Park that he would make: (a) make full and prompt payment to Park of all fees, charges, payments, and amounts due or payable to Park and its affiliates that arose out of or are related to the License Agreement, including all interest; (b) perform all of BHI's obligations under the License Agreement; and (c) be individually bound by all covenants, obligations, and commitments contained in

2

the License Agreement to the same extent as if he had individually been named as Licensee in the License Agreement and had individually executed the License Agreement as Licensee.

**C.      Park Terminated the License Agreement Due to Defendant's Failure to Open the Hotel**

9. Under the terms of the License Agreement, Defendants were required to complete renovations of the Hotel, which was to have no less than 280 guestrooms, so that the Hotel would open for business as a Park Inn® System Hotel on or before January 31, 2017.

10. Defendants agreed that, if the Hotel failed to open as a Park Inn® System Hotel, Defendants would pay liquidated damages in an amount calculated by multiplying $1,000 by the 280 guestrooms required by the License Agreement, resulting in a total of $280,000.00.

11. Defendants failed to renovate and open the Hotel as a Park Inn® System Hotel by January 31, 2017.

12. On March 23, 2017, Park issued a written notice of default and notice of termination ("Termination Notice") relating to Defendants' failure to open the Hotel. This Termination Notice provided Defendants with an opportunity to cure their failure to open the Hotel, and advised that, if Defendants failed to cure this default by June 22, 2017, the License Agreement would terminate effective June 26, 2017.

13. Defendants failed to cure the default and failed to open the Hotel as a Park Inn® System Hotel.

3

14. Accordingly, the License Agreement terminated effective June 26, 2017.

15. Under the terms of the Personal Guaranty, Dosanjh is liable to Park for liquidated damages in the amount of $280,000.00.

16. Despite their obligation to do so, neither Dosanjh nor BHI have paid to Park the amounts due.

**D.     Dosanjh Failed to Answer or Otherwise Respond to the Complaint**

17. Park commenced this action against Defendants on May 2, 2018.

18. Dosanjh was served with the Summons and Complaint on May 23, 2018, in accordance with the Hague Convention on the Service Abroad of Judicial or Extra-Judicial Documents in Civil or Commercial Matters and the Federal Rules of Civil Procedure.

19. The time provided for under the Federal Rules of Civil Procedure for Dosanjh to answer the Complaint in this action has elapsed, and no answer or other pleading has been received by or served upon Park or its attorneys.

20. On October 17, 2018, a hearing on the instant motion was held, at the time and location specified in Park's Notice of Hearing (see ECF 8).

21. Defendants failed to appear at the October 17, 2018, hearing.

22. Pursuant to the court's request, counsel for Park checked the hallway outside of the courtroom and confirmed that Defendants were not present in the hallway during the October 17, 2018, hearing.

**E.     Park is Entitled to its Attorneys' Fees and Costs**

23.     Pursuant to 26.13 of the License Agreement and the Personal Guaranty, Dosanjh is required to pay Park its reasonable attorneys' fees and costs incurred in enforcing the provisions of the License Agreement and Personal Guaranty.

24.     The attorneys' fees and costs billed in this matter by the Gray Plant Mooty ("GPM") law firm are reasonable and comparable to the rates charged by law firms of similar size in the Minneapolis area for attorneys with similar levels of experience.

25.     The court has reviewed the original time records submitted by GPM in this matter and has determined that the work performed was reasonable and necessary for the proper representation of Park.

26.     Park is entitled to an award of attorneys' fees and costs in the amount of $12,218.34.

## CONCLUSIONS OF LAW AND ORDER

1.     Dosanjh has failed to answer or otherwise respond to the Complaint in accordance with the Federal Rules of Civil Procedure and has made no appearance in this case;

2.     Dosanjh is, therefore, in default (see ECF No. 18);

3.     Park is entitled to liquidated damages in the amount of $280,000.00, exclusive of interest;

4.     Park is entitled to an award of the attorneys' fees and costs that it has incurred in this matter in the amount of $12,218.34;

5. Park is entitled to a total judgment against Dosanjh in the amount of $292,218.34, exclusive of interest; and

6. Park's motion for entry of default judgment and award of attorneys' fees and costs (ECF No. 7) is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 19, 2018

                                                      s/David S. Doty  
                                                      David S. Doty, Judge  
                                                      United States District Court